UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL CASE NO. |
| : | 3:18-CR-45 (JCH) |
| v. : | |
| : | |
| ARRINSON DE LA CRUZ : | |
| Defendant. : | MARCH 4, 2025 |

**RULING ON MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 93)**

**I.   INTRODUCTION**

Pending before this court is defendant Arrinson De La Cruz's ("Mr. De La Cruz") Motion for Sentence Reduction filed pro se. See Motion for Sentence Reduction ("Def.'s Mot.") (Doc. No. 93). Also filed is counsel's Memorandum in Support of Motion for Sentence Reduction ("Mem. In Supp.") (Doc. No. 99). Mr. De La Cruz seeks a reduction in his sentence to time served or requests that the court amend his sentence to impose a one-year term of supervised release, on the grounds of his "illegal-alien" status, the conditions he endured during the Covid-19 pandemic, and his rehabilitation while in the custody of the Bureau of Prisons ("BOP"), all under 18 U.S.C. § 3582(c)(1)(A). The government opposes the Motion. See Memorandum in Opposition ("Mem. in Opp.") (Doc. No. 100).

For the reasons stated below, the Motion is denied.

**II.   BACKGROUND**

In March 2019, Mr. De La Cruz pled guilty to three counts of a six count indictment as follows: Count One, conspiracy to possess with intent to distribute five kilograms or more of cocaine on board an aircraft registered in the United States, in

1

violation of 21 U.S.C. §§ 959(c)(2), 960(a)(3), 960(b)(1)(B)(ii), and 963; Count Two, possession with intent to distribute 2C-B (a synthetic hallucinogen), in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(C), and Count Four, conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii).  See Plea Agreement (Doc. No. 43).

In November of 2019, this court sentenced Mr. De La Cruz to a 144-month term of imprisonment.  See Judgment (Doc. No. 70).   The sentence imposed by the court was within the guideline range, having found that Mr. De La Cruz was safety valve eligible.   No term of supervised release was imposed given Mr. De La Cruz's status as a non-U.S. citizen, he will likely be deported upon release from prison.

In January 2024, counsel for Mr. De La Cruz filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821's retroactive changes.  That Motion was granted on February 21, 2024, and the court entered an Order reducing Mr. De La Cruz's sentence from 144-months to 115-months under 18 U.S.C. § 3582(c)(2).

### III.    LEGAL STANDARD

Under section 3582(c)(1)(A) of title 18 of the United States Code, as modified by the First Step Act of 2018, an incarcerated defendant may move for compassionate release.  See 18 U.S.C. § 3582(c)(1)(A).  Pursuant to section 3582(c)(1)(A)(i), a court may not modify a term of imprisonment "once it has been imposed" except in a case where, after exhaustion of administrative remedies, the court considers the applicable section 3553(a) factors and finds that "extraordinary and compelling reasons warrant such a reduction."  Id. § 3582(c)(1)(A)(i). Effective November 1, 2023, section 1B1.13 of the Sentencing Guidelines now applies to motions for "compassionate release" filed

by individual defendants under section 3582, <u>see</u> Guidelines Manual § 1B1.13 (2023), and it now includes, <u>inter alia</u>, an expanded list of specified extraordinary and compelling reasons, <u>see</u> <u>id.</u>

## IV.   DISCUSSION

A court may reduce a previously imposed term of imprisonment where an incarcerated individual (1) has exhausted his or her administrative remedies; (2) has shown extraordinary and compelling circumstances justifying the reduction; and (3) has demonstrated that the relevant factors, enumerated under section 3553(a) of title 18 of the United States Code, also warrant reduction.  <u>See</u> <u>United States v. Keitt</u>, 21 F.4th 67, 71 (2d Cir. 2021).  The court addresses these requirements in turn.

### A.   <u>Exhaustion of Administrative Remedies</u>

An inmate may move for a sentence reduction only "after the [inmate] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [inmate]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [inmate]'s facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).   In his Memorandum in Support, Mr. De La Cruz provides a copy of his request for compassionate release to the BOP and acknowledgement (dated 3/2/2024) that the request would be forwarded for review.  Mem. In Supp. (Doc. No. 99) at 99-1. Although there is no further response by the BOP provided, the court concludes that Mr. De La Cruz has exhausted his administrative remedies.

### B.   <u>Extraordinary and Compelling Circumstances</u>

When Mr. De La Cruz was sentenced in November 2019, the court was aware of his illegal alien status.   As such, at the time of sentencing, no term of supervised

release was imposed.  Mr. De La Cruz argues that his non-U.S. citizen status will likely require that he serve additional time in ICE custody.  In addition, he is unable to be placed in a halfway house during the last portion of his sentence, and he is not eligible for "good time" credits under the Fair Sentencing Act.  Mem. In Supp. (Doc. No. 99) at 5.  He also argues that he will be "punished severely" by deportation itself.  Id.

The court imposed a term of imprisonment that was within the guideline range found at sentencing, which was later reduced.  Mr. De La Cruz committed a very serious drug trafficking offense. The sentence imposed reflected just punishment for his offense balanced with Mr. De La Cruz's lack of any criminal history. The fact that Mr. De La Cruz is not eligible for "good time" credit is due to BOP policy.  It is a benefit for which he does not qualify, not a right of entitlement.  As such, the court does not find this circumstance to be extraordinary and compelling when it already took such matters into consideration.

Mr. De La Cruz did begin his term of imprisonment before the start of the Covid-19 pandemic.  He and many other inmates faced harsher than normal conditions before the vaccinations were available.  While the court is well aware that during the Covid-19 crisis, extraordinary and compelling reasons may have existed to warrant a sentence reduction, that circumstance no longer exists.  This court does not find it to be "extraordinary and compelling" that previously there were harsher conditions, certainly not alone or with other bases to justify compassionate release sought now.

Mr. De La Cruz has participated in and completed numerous educational and training programs while in BOP custody and had only one disciplinary ticket.  Mem. In Supp. (Doc. No. 99) at 12-13.  The court applauds his efforts.   While the court is

impressed with Mr. De La Cruz's record, it cannot be the sole basis for release under the First Step Act.  28 U.S.C. § 994(t).

    C.    <u>Section 3553(a) Factors</u>

Even if the court were to find extraordinary circumstances, it would still decline to grant compassionate release because of the 3553(a) factors that the court must consider under the compassionate release statute.  <u>See</u> 18 U.S.C. § 3582(c)(1)(A)(i); 18 U.S.C. § 3553(a).  The court reaches that conclusion having reviewed all of the filings, as well as the material before the court at the time of sentencing.

Mr. De La Cruz committed very serious drug tracking offenses, including while on pretrial release.  Furthermore, the court accords great weight to an additional 3553(a) factor: the need to protect the public from further crimes of the defendant.  <u>See</u> 18 U.S.C. § 3553(a)(2)(C).   His crime of conviction involved an attempt to import 1,700 kilograms of cocaine into the United States, and he committed further crimes while on pretrial release.  The court's concerns about recidivism and the seriousness of the offense have not changed.  Reducing or amending Mr. De La Cruz's sentence would therefore be irreconcilable with the serious nature of his offense and the need to provide just punishment for his conduct.  <u>See</u> 18 U.S.C. § 3553(a).

**V.**    **CONCLUSION**

For the reasons stated herein, Mr. De La Cruz's Motion for Sentence Reduction (Doc. No. 93) is denied.

**SO ORDERED.**

Dated at New Haven, Connecticut this 4th day of March 2025.

                                                /s/ Janet C. Hall
                                                Janet C. Hall
                                                United States District Judge